UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Luis Davila<br>461 Hockersville Road<br>Hershey, PA 17033<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Reinhart Foodservice, LLC<br>100 Industrial Park Road<br>Coal Township, PA 17866<br><br>　　　　Defendant. | JURY DEMANDED<br><br>No. |

**CIVIL ACTION COMPLAINT**

**I. Parties and Reasons for Jurisdiction.**

　　1.　　Plaintiff, Luis Davila (hereinafter "Plaintiff") is an adult individual residing at the above address.

　　2.　　Defendant, Reinhart Foodservice, LLC (hereinafter "Reinhart" or "Defendant") is a corporation organized and existing under the laws of Delaware with a principle place of business at the above address and a Certificate of Authority to do business in Pennsylvania.

　　3.　　At all times relevant herein, Defendant operated its services in eastern Pennsylvania from 100 Industrial Park Road, Coal Township, Northumberland County, Pennsylvania.

　　4.　　At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

　　5.　　At all times material hereto, Reinhart qualifies as Plaintiff's employer pursuant to the Surface Transportation Assistance Act and the Family Medical Leave Act.

1

6. Plaintiff has exhausted his administrative remedies pursuant to the Surface Transportation Assistance Act as 210 days have passed since Mr. Davila filed his complaint against Defendant with the Occupational Safety and Health Administration.

7. This action is instituted pursuant to the Surface Transportation Assistance Act, the Family Medical Leave Act, and applicable federal law.

8. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

9. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working for Defendant in the Middle District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

**II. Operative Facts.**

10. Mr. Davila has driven tractor trailers since 2016..

11. On or about April 1, 2018, Plaintiff was hired by Defendant as a shuttle driver.

12. In Mr. Davila's role as a shuttle driver, Mr. Davila had to drive both loaded and empty trailers both to and from Defendant's distribution center in Coal Township.

13. In his employment with Defendant, Mr. Davila drove double trailers, which are two twenty-eight (28) foot trailers attached to Mr. Davila's tractor unit.

14. Through the course of his employment with Defendant, Plaintiff travelled on routes assigned to him by Defendant.

15. While Mr. Davila preformed his duties throughout Pennsylvania, most of his assigned routes were on Interstate 81 and Interstate 83.

16. It is well known that Interstate 81 is one of the most dangerous roads in Pennsylvania.

17. On or about January 30, 2019, based upon unsafe driving conditions as directed by Pennsylvania Department of Transportation ("PennDOT"), Defendant ordered its shuttle drivers to avoid the Interstates and to take a different route.

18. Based on Mr. Davila's observations of the weather conditions and knowledge of the road that Defendant ordered Mr. Davila to drive, Mr. Davila refused to drive his double trailer as he had a reasonable apprehension of serious injury to himself or the public because of hazardous safety conditions.

19. Despite Mr. Davila's objections to driving the detour route due to unsafe conditions, Defendant still required drivers to drive that route.

20. One driver, upon information and belief, known as Skeeter, drove the route as ordered by Defendant and was involved in an accident due to the unsafe roadway that day.

21. As a result of Mr. Davila's refusal to drive that route due to unsafe conditions, Mr. Davila received a written warning because Defendant penalized Mr. Davila, marking him for an unscheduled absence.

22. On or about February 11, 2019, PennDOT issued a release restricting double trailers on both Interstate 81 and Interstate 83 due to hazardous and unsafe weather conditions.

23. Mr. Davila was scheduled to drive a double trailer on Interstate 81 and Interstate 83 on February 11, 2019.

24. Despite the restrictions placed by PennDOT, Defendant still required its drivers, including Mr. Davila, to drive their routes.

25. Due to the restrictions, Mr. Davila refused to drive his route on February 11, 2019.

26. Due to Mr. Davila's refusal, Mr. Davila again received an unexcused absence.

27. As a result of this unexcused absence, Mr. Davila was issued a final warning.

28. In or about the first weeks of June 2019, Mr. Davila was diagnosed with a testicular cyst.

29. In order to receive treatment for his medical condition, Mr. Davila requested leave under the Family Medical Leave Act ("FMLA").

30. Mr. Davila was approved for intermittent leave under FMLA on or about July 10, 2019 dating back to June 11, 2019.

31. Between June 11, 2019 and July 15, 2019, Mr. Davila missed several days of work due to his cyst, all of which were approved absences under the FMLA.

32. Despite being approved for leave under FMLA in order to receive treatment for his cyst, Defendant continued to count Mr. Davila's absences against him.

33. On or about July 15, 2019, Defendant terminated Mr. Davila's employment for too many unexcused absences.

34. Mr. Davila's alleged "unexcused absences" were based upon Mr. Davila's legitimate concerns regarding the safety of driving his vehicle on restricted roadways and/or his use of the Family Medical Leave Act.

35. Upon information and belief, Defendant terminated Mr. Davila's employment due to his application for leave under the Family Medical Leave Act.

**III. Causes of Action.**

**COUNT I**
**VIOLATION OF THE SURFACE TRANSPORTATION ASSISTANCE ACT**
**(49 U.S.C. § 31105)**

36. Plaintiff incorporates paragraphs 1-35 as if fully set forth at length herein.

37. At all times material hereto, and pursuant to the Surface Transportation Assistance Act, 49 U.S.C. § 31105, an employer may not discharge, discipline, or discriminate against an employee because the employee has a reasonable fear of serious injury to the employee or the public because of a safety or security condition.

38. Plaintiff is a qualified employee within the definition the Surface Transportation Assistance Act, 49 U.S.C. § 31105.

39. Defendant is an "employer" and hereby subject to the strictures of the Surface Transportation Assistance Act, 49 U.S.C. § 31105.

40. Hazardous weather conditions qualify as a hazardous or unsafe condition under the Surface Transportation Assistance Act. *See Roadway Exp., Inc. v. Dole*, 929 F.2d 1060, 1064 (5th Cir. 1991).

41. Defendant's conduct in disciplining Plaintiff for his refusal to drive in unsafe weather conditions is conduct that is expressly prohibited under the Surface Transportation Assistance Act, 49 U.S.C. § 31105.

42. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: economic loss, future loss earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff

has also sustained work loss, loss of opportunity, and permanent diminution of his earning power and capacity and a claim is made therefore.

43. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

44. Pursuant to the Surface Transportation Assistance Act, Plaintiff demands attorneys' fees and court costs.

## COUNT II – VIOLATION OF FMLA—RETALIATION
## (29 U.S.C. §2601 et seq.)

45. Plaintiff incorporates paragraphs 1-44 as if fully set forth at length herein.

46. As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

47. Defendant's actions in finding that Plaintiff had unexcused absences while using his leave under FMLA is an action expressed prohibited by the Family Medical Leave Act.

48. Defendant's motivation in terminating Plaintiff's employment was based, in part, upon him taking a required FMLA leave.

49. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

50. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

51. Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys' fees and court costs.

## IV. Relief Requested.

**WHEREFORE,** Plaintiff Luis Davila demands judgement in his favor and against Defendant, Reinhart Foodservice, LLC, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: _____
**ROBERT H. GRAFF, ESQUIRE** (PA I.D. 206233)
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Ph: 267-546-0138
Fx: 215-944-6124
*Attorney for Plaintiff, Luis Davila*

Date: February 24, 2020